IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | | |
|---|---|---|
| THOMAS P. MATTES, | ) | |
| | ) | |
| Plaintiff, | ) | 4:07CV3130 |
| | ) | |
| v. | ) | |
| | ) | |
| BUTTERBALL, LLC, | ) | MEMORANDUM AND ORDER ON |
| | ) | DEFENDANT'S MOTION TO DISMISS |
| Defendant. | ) | |
| | ) | |

Defendant Butterball, LLC has moved to dismiss the complaint filed by Plaintiff Thomas P. Mattes. (See filing 5). For the following reasons, I find that briefing on the question of jurisdiction is necessary.

## I.  BACKGROUND

In summary, the plaintiff's complaint alleges as follows. The plaintiff was employed by the defendant "in its Omaha, Nebraska facility." (See filing 1, Ex. 1 ¶ 1.)  On an unspecified date, the defendant offered the plaintiff a "transfer package" to move to North Carolina. (See id., Ex. 1 ¶ 3.)  "[A]s a part of that transfer package[,] the Plaintiff was promised severance payments in the amount of $68,752.28. In addition, Plaintiff was promised payment of his health insurance." (Id., Ex. 1 ¶ 4.)  "[U]pon separation from employment[,] the Plaintiff made demand upon the Defendant for payment of the severance pay. [However, t]he defendant has failed, neglected and refused to make those payments." (Id., Ex. 1 ¶ 5.)  As a result, the plaintiff seeks a "judgment against the Defendant pursuant to the Nebraska Wage Payment and Collection Act in the amount of $68,752.28," together with "[t]he cost of his health insurance benefits, attorney fees, interest, penalties as provided by statute and such other relief as the Court deems equitable in the premises." (Id., Ex. 1 at 1-2.)

The plaintiff's complaint was filed in the District Court of Douglas County, Nebraska.

1

(See filing 1, Ex. 1.)[1] On May 11, 2007, the defendant filed a notice of removal stating, inter alia, as follows.

> This case is removable under 28 U.S.C. § 1332 because complete diversity exists between Plaintiff, a Nebraska citizen, and Butterball, LLC, a North Carolina limited liability company with its principal place of business in Mount Olive, North Carolina.
>
> Based on the allegations and claims in the Complaint, the amount in controversy exceeds $75,000.

(See Notice of Removal, filing 1, ¶¶ 3-4.) Also on May 11, 2007, the defendant filed a motion to dismiss the complaint pursuant to Federal Rule of Civil Procedure 12(b)(6). (See filing 5.)[2] The plaintiff has not filed a response to the defendant's motion.

## II. ANALYSIS

Before proceeding to the merits of the defendant's motion, I must determine whether this court has jurisdiction over the subject matter of this case. The defendant submits that jurisdiction exists pursuant to 28 U.S.C. § 1332. Section 1332 provides, inter alia, that the district courts have original jurisdiction of civil actions between citizens of different States "where the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs." In this case, the plaintiff seeks damages in the amount of $68,752.28, plus an unspecified amount for "health insurance benefits, attorney fees, interest, [and] penalties as provided by statute." (Filing 1, Ex. 1 at 1-2.) "Generally, a complaint that alleges the jurisdictional amount in good faith will suffice to confer jurisdiction . . . ." OnePoint Solutions, LLC v. Borchert, 486 F.3d 342, 348 (8th Cir. 2007) (quoting Larkin v. Brown, 41 F.3d 387, 388 (8th Cir. 1994)). Here, however, the complaint does not allege that the amount in controversy exceeds $75,000. Although it is true

---

[1] The copy of the complaint attached to the defendant's notice of removal is not dated, nor does it bear any indication that it was filed. (See filing 1, Ex. 1.) The defendant submits that the complaint was filed on April 6, 2007, and was served on the defendant "on or about April 13, 2007." (See Notice of Removal, filing 1, ¶¶ 1-2.)

[2] The caption of the defendant's motion cites Federal Rule of Civil Procedure 12(b)(1) and Rule 12(b)(6). It appears, however, that the defendant's motion is truly based on Rule 12(b)(6) alone. (See generally filings 5, 6.)

that the plaintiff prays for "[t]he cost of his health insurance benefits" and other relief in addition to his claim for $68,752.28 in damages, I cannot determine whether the plaintiff may be entitled to additional compensation that would raise the amount in controversy to the jurisdictional limit. Jurisdiction cannot be based on mere speculation.  See Chief Industries, Inc. v. Campus Lofts, Inc., No. 8:05cv167, 2005 WL 3508456, at *4 (D. Neb. Dec. 22, 2005).

Because the defendant is invoking federal jurisdiction in this removed case, the defendant has the burden of proving by a preponderance of the evidence that the amount in controversy exceeds $75,000.  See James Neff Kramper Family Farm P'ship v. IBP, Inc., 393 F.3d 828, 831 (8th Cir. 2005).  The parties will be given an opportunity to file briefs–accompanied by evidentiary materials in accordance with this court's local rules, if necessary–on the question of jurisdiction.  If "it appears to a legal certainty that the claim is really for less than the jurisdictional amount," Kessler v. National Enterprises, Inc., 347 F.3d 1076, 1081 (8th Cir. 2003) (citation omitted), I will be required to remand this case to the District Court of Douglas County, Nebraska, pursuant to 28 U.S.C. § 1447(c).  See James Neff Kramper Family Farm P'ship, 393 F.3d at 831, 834.

>   **IT IS THEREFORE ORDERED** that:

1. the defendant shall have twenty days from the date of this order to file a brief addressing the question of subject matter jurisdiction;

2. within twenty days of the date of the filing and service of the defendant's brief, the plaintiff may file an opposing brief; and

3. the defendant may file a reply to the plaintiff's brief within five business days of the date of the filing and service of the plaintiff's brief.

Dated July 5, 2007.

>   BY THE COURT
>
>   s/   Warren K. Urbom
>   United States Senior District Judge