IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | | |
|---|---|---|
| THOMAS P. MATTES, | ) | 4:07CV3130 |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | MEMORANDUM AND ORDER ON THE |
| | ) | QUESTION OF SUBJECT MATTER |
| BUTTERBALL, LLC, | ) | JURISDICTION AND PLAINTIFF'S |
| | ) | MOTION FOR SANCTIONS |
| Defendant. | ) | |
| | ) | |

The plaintiff, Thomas P. Mattes, filed a complaint in the District Court of Douglas County, Nebraska, seeking a judgment against Defendant Butterball, LLC, "in the amount of $68,752.28," together with "[t]he cost of his health insurance benefits, attorney fees, interest, penalties as provided by statute and such other relief as the Court deems equitable in the premises." (Filing 1, Ex. 1, Compl. at 1-2.) On May 11, 2007, the defendant filed a notice of removal, (see filing 1), and a motion to dismiss the complaint, (see filing 5). The plaintiff did not file a response to the defendant's motion to dismiss.

On July 5, 2007, I ordered the parties to submit briefs on the question of jurisdiction; specifically, I noted that I could not determine whether the amount in controversy satisfies the jurisdictional limit set forth in 28 U.S.C. § 1332, and I explained that the case would be remanded to the District Court of Douglas County, Nebraska, unless the defendant establishes by a preponderance of the evidence that the amount in controversy exceeds $75,000. (See Mem. & Order on Def.'s Mot. to Dismiss, filing 12, at 3.) The defendant's brief on the question of jurisdiction and the plaintiff's response have now been filed. (See filings 16, 17.) In addition,

1

the plaintiff has filed a motion for sanctions against the defendant.  (See filing 18.)  My analysis of the question of subject matter jurisdiction and the plaintiff's motion for sanctions is set forth below.

## I.  SUBJECT MATTER JURISDICTION

The defendant alleges that this court has jurisdiction over the plaintiff's action pursuant to 28 U.S.C. § 1332.  (See Notice of Removal, filing 1, ¶ 3.)  Section 1332 provides that the district courts "have original jurisdiction of all civil actions" between "citizens of different states" "where the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs."  For the following reasons, I find that (1) the defendant has not established by a preponderance of the evidence that the amount in controversy exceeds $75,000; (2) this court lacks subject matter jurisdiction of the action; and (3) the case must be remanded to the District Court of Douglas County, Nebraska, pursuant to 28 U.S.C. § 1447(c).

When a court questions whether the amount in controversy requirement has been satisfied, "the party invoking federal jurisdiction must prove the requisite amount by a preponderance of the evidence."  James Neff Kramper Family Farm P'ship v. IBP, Inc., 393 F.3d 828, 831 (8th Cir. 2005) (quoting Missouri ex rel. Pemiscot County v. W. Sur. Co., 51 F.3d 170, 173 (8th Cir. 1995)).  Thus, in a removed case, the defendant must show by a preponderance of the evidence that the claims originally asserted by the plaintiff might "legally satisfy the amount in controversy requirement."  Id.  That is, the defendant must show that "a fact finder could legally conclude, from the pleadings and proof adduced to the court before trial, that the damages that the plaintiff suffered are greater than $75,000."  Kopp v. Kopp, 280 F.3d 883, 885 (8th Cir. 2002).  If the defendant fails to meet this burden, and "it is legally certain that the claim is really

for less than the jurisdictional amount," the court must dismiss the action and remand the case to the state court. James Neff Kramper Family Farm P'ship, 393 F.3d at 831. See also St. Paul Mercury Indem. Co. v. Red Cab Co., 303 U.S. 283, 289 (1938).

The amount in controversy is determined by examining "the situation at the time of removal." Hatridge v. Aetna Cas. & Sur. Co., 415 F.2d 809, 814 (8th Cir. 1969). When calculating the amount in controversy, "statutory attorney fees" are to be included in the total, Rasmussen v. State Farm Mut. Auto. Ins. Co., 410 F.3d 1029, 1031 (8th Cir. 2005) (citing Crawford v. Hoffman-La Roche Ltd., 267 F.3d 760, 766 (8th Cir. 2001)); see also Capitol Indem. Corp. v. Miles, 978 F.2d 437, 438 (8th Cir. 1992); Peacock & Peacock, Inc. v. Stuyvesant Ins. Co., 332 F.2d 499, 502 (8th Cir. 1964), as are statutory penalties, see Peacock, 332 F.2d at 501-02; American United Life Ins. Co. of Indianapolis, Indiana v. Franklin, 97 F.2d 76, 77 (8th Cir. 1938). If, after removal, a plaintiff reduces his claim below the jurisdictional amount "by stipulation, by affidavit, or by amendment of his pleadings . . . this does not deprive the district court of jurisdiction." St. Paul Mercury Indem. Co. v. Red Cab Co., 303 U.S. 283, 292 (1938).

The defendant argues that the "[p]laintiff's claim for attorney fees alone establishes that the jurisdictional minimum is met." (Def.'s Br., filing 16, at 4.) At first blush, the defendant's argument appears to have merit. The plaintiff seeks unpaid severance payments in the amount of $68,752.28, plus, inter alia, attorney fees and penalties, pursuant to the Nebraska Wage Payment and Collection Act (NWPCA), Neb. Rev. Stat. §§ 48-1228 to 1232. (See filing 1, Ex. 1, Compl. at 1-2.) The NWPCA provides,

> If an employee establishes a claim and secures judgment on the claim, such employee shall be entitled to recover (1) the full amount of the judgment and all costs of such suit and (2) if such employee has employed an attorney in the case,

3

> an amount for attorney's fees assessed by the court, <u>which fees shall not be less than twenty-five percent of the unpaid wages</u>.

Neb. Rev. Stat. § 48-1231 (emphasis added). Citing this provision, the defendant submits that the attorney fee demanded by the plaintiff is at least equal to twenty-five percent of $68,752.28, which amounts to $17,188.07. (<u>See</u> Def.'s Br., filing 16, at 6.) Thus, according to the defendant, "it is a legal certainty that the amount in controversy in this matter is well in excess" of $75,000. (<u>Id.</u>) In addition, the defendant notes that "if the nonpayment of wages is found to be willful," the NWPCA provides for a statutory penalty in "an amount equal to two times the amount of unpaid wages." (<u>Id.</u> at 6 n.3 (quoting Neb. Rev. Stat. § 48-1232).) The defendant argues that the availability of this statutory penalty, combined with the plaintiff's claim for health insurance benefits, establishes that "the amount in the controversy in this matter is more than double the jurisdictional minimum." (<u>Id.</u>)

As I have stated above, it is true that statutory attorney fees and penalties are to be included in the computation of the amount in controversy. However, the defendant's argument that the NWPCA's attorney fee and penalty provisions raise the amount in controversy in this case beyond the jurisdictional minimum is based on an assumption that severance payments constitute "wages" within the meaning of the NWPCA. The Nebraska Supreme Court has specifically held that the NWPCA "does not apply to severance payment which becomes due upon termination of employment." <u>Babb v. United Food and Commerical Workers Dist. Union, Local 271</u>, 448 N.W.2d 168, 172 (Neb. 1989) (citing <u>Heimbouch v. Victorio Ins. Serv., Inc.</u>, 369 N.W.2d 620 (Neb. 1985)). <u>See also</u> <u>Rafos v. Outboard Marine Corp.</u>, No. CV90-L-239, 1992

4

WL 521530, at *6 (D. Neb. Aug. 12, 1992).[1]  It is therefore a legal certainty that the plaintiff will not be able to recover an attorney fee under section 48-1231 in an amount greater than or equal to twenty-five percent of $68,752.28.  It is also a legal certainty that the defendant cannot be liable for a statutory penalty under section 48-1232 in an amount equal to two times $68,752.28.

The plaintiff has also made a demand for "[t]he cost of his health insurance benefits," (see filing 1, Ex. 1, Compl. at 1-2), and the defendant has submitted evidence that the value of these benefits amounts to approximately $661.00 per month, (see Def.'s Br., filing 16, at 6 n.3 (citing filing 16, Ex. A, Gurley Aff.)).  If the total value of the health insurance benefits allegedly owed to the plaintiff exceeds $6,247.72, then the plaintiff's claims (i.e., his claim for health insurance benefits taken together with his claim for severance pay in the amount of $68,752.28) might legally satisfy the amount in controversy requirement.  However, the defendant has submitted no evidence concerning the total value of the plaintiff's claim for the health insurance benefits.

The defendant has not shown that the plaintiff might be entitled to attorney fees or damages that, when combined with the plaintiff's claim for severance pay in the amount of

---

[1] I note that the defendant's motion to dismiss the complaint for failure to state a claim upon which relief may be granted is based upon an argument that the severance payments demanded by the plaintiff are not recoverable under the NWPCA.  (See generally Def.'s Br. in Supp. of Mot. to Dismiss, filing 6.)  Because I find that this court lacks subject matter jurisdiction of the plaintiff's case, however, I cannot reach the merits of the defendant's Rule 12(b)(6) motion.  See Crawford v. Hoffman-La Roche Ltd., 267 F.3d 760, 764 (8th Cir. 2001) ("It is axiomatic that a court may not proceed at all in a case unless it has jurisdiction. . . . Constrained by this fundamental principle, a federal district court may not dismiss a case on the merits by hypothesizing subject-matter jurisdiction.").  Cf. Bell v. Hood, 327 U.S. 678, 682 (1946) ("For it is well settled that the failure to state a proper cause of action calls for a judgment on the merits . . . .  Whether the complaint states a cause of action on which relief could be granted is a question of law and just as issues of fact it must be decided after and not before the court has assumed jurisdiction over the controversy." (emphasis added)).

$68,752.28, raise the amount in controversy above the jurisdictional minimum. Nor has the defendant shown that it might be liable for a statutory penalty that would satisfy the amount in controversy requirement, either alone or in combination with the other relief sought by the plaintiff. In short, the defendant has not shown that a fact finder could legally conclude that the damages suffered by the plaintiff are greater than $75,000. See Kopp v. Kopp, 280 F.3d 883, 885 (8th Cir. 2002). I find, therefore, that it is legally certain that the plaintiff's claim is for less than the jurisdictional amount, and the case shall be remanded to the District Court of Douglas County, Nebraska, for further proceedings. See 28 U.S.C. § 1447(c) ("If at any time before final judgment it appears that the district court lacks subject matter jurisdiction, the case shall be remanded.").

## II. THE PLAINTIFF'S MOTION FOR SANCTIONS

On July 30, 2007, the plaintiff filed a motion for sanctions against the defendant pursuant to Federal Rule of Civil Procedure 11. (See filing 18.) In support of this motion, the plaintiff submits the following argument.

> Prior to the Court's own inquiry with regard to the diversity requirement being met in this case, counsel for the Plaintiff has attempted to have this case remanded without unnecessary delay or expense. The defendant . . . has, for whatever reason, not responded. This case is not going to ever meet the jurisdictional amount of this Court. The Defendants have known that for a long time. It is unfair to cause the Plaintiff this type of expense, not to mention the delay. We respectfully request that the Court award attorney fees as it remands this matter.

(Pl.'s Br. in Supp. of Mot. for Sanctions, filing 19, at 2.) In response to the plaintiff's motion, the defendant argues, inter alia, that the plaintiff has failed to comply with the "safe harbor" provisions of Rule 11. (See Def.'s Br. in Response to Mot. for Sanctions, filing 21, at 4.) I agree. The plain language of Rule 11 requires that a motion for sanctions "shall be served as provided in

6

Rule 5, but shall not be filed with or presented to the court unless, within 21 days after service of the motion (or such other period as the court may prescribe), the challenged paper, claim, defense, contention, allegation, or denial is not withdrawn or appropriately corrected." Fed. R. Civ. P. 11(c)(1)(A). The plaintiff's motion for sanctions bears no indication that it was served twenty-one days before it was filed in this court. Therefore, the motion will be denied. See Gordon v. Unifund CCR Partners, 345 F.3d 1028, 1029-30 (8th Cir. 2003) (holding that district court abused its discretion by awarding sanctions where the movant failed to comply with the procedural requirements of Rule 11).

I note in passing that 28 U.S.C. § 1447(c) provides that "[a]n order remanding the case may require payment of just costs and any actual expenses, including attorney fees, incurred as a result of the removal." Attorney fees are not awarded under this statute as a matter of course, however. "Absent unusual circumstances, courts may award attorney's fees under § 1447(c) only where the removing party lacked an objectively reasonable basis for seeking removal." Martin v. Franklin Capital Corp., 546 U.S. 132, 141 (2005). In this case, I cannot say that the defendant lacked an objectively reasonable basis for seeking removal. The plaintiff's complaint alleges that the parties are citizens of different states and includes a demand for $68,752.28 in unpaid severance payments plus statutory attorney fees, statutory penalties, and unpaid health insurance benefits in an amount that remains ambiguous. Under the circumstances, it was not unreasonable for the defendant to argue that the jurisdictional requirements of 28 U.S.C. § 1332 were satisfied. Therefore, I shall not award costs and expenses to the plaintiff under § 1447(c).

**IT IS ORDERED** that:

1. due to the fact that this court lacks jurisdiction over the subject matter of this case, the case shall be remanded to the District Court of Douglas County, Nebraska, for further proceedings;

2. the clerk shall mail a certified copy of this order to the Clerk of the District Court of Douglas County, Nebraska; and

3. the plaintiff's motion for sanctions, filing 18, is denied.

Dated August 20, 2007.

                BY THE COURT

                s/ Warren K. Urbom
                United States Senior District Judge